**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re:<br>OCEAN POWER TECHNOLOGIES, INC. SECURITIES LITIGATION<br><br>This Document Applies to All Cases | )<br>)<br>)<br>)<br>)<br>) | Case No. 14-3799 (FLW) (LHG) |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated June 7, 2016, on the application of the Lead Plaintiff and the Defendants for approval of the Settlement set forth in the Stipulation and Agreement of Class Settlement, dated as of May 5, 2016

(A) For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certified this Action as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities who purchased or otherwise acquired (i) OPT securities between January 14, 2014 and July 29, 2014; and/or (ii) purchased or otherwise acquired OPT securities pursuant to and/or traceable to OPT's April 4, 2014 follow-on stock offering. Excluded from the Class are Defendants, all directors and officers of OPT during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

(B) Pursuant to the Preliminary Approval Order entered on June 7, 2016, this Court scheduled a Settlement Hearing for November 14, 2016, at 10:00 a.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and requests for Lead Counsel's fees and expenses and Lead Plaintiff's Compensatory Awards are fair, reasonable, and adequate, and should be approved by the Court (the "Settlement Hearing");

(C) The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice;

(D) The Court has received one objection to the proposed Settlement and Plan of Allocation from Anand L. Daniell;

(E) Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on November 14, 2016, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and for the reasons stated on the record on November 14, 2016 and set forth in more detail in the Court's written opinion, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The provisions of the Stipulation, including definitions of the terms

used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3. No Persons filed a Request for Exclusion in accordance with the requirements set forth in the Notice. Accordingly, Lead Plaintiff and all Class Members are bound by this Order and Final Judgment (the "Judgment").

4. This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

(a) Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (v) the binding effect of the

proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

(c) Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

5. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Class, and in the best interests of the Class taking into account, *inter alia*, the benefits to the Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

7. Upon consideration of the written objection filed by Anand L. Daniell and Lead Plaintiff's response, and after hearing argument from Mr. Daniell on his objection, the objection is overruled for the reasons stated on the record at the

Settlement Hearing and in the accompanying Opinion granting final approval to the Settlement. In addition, the Court clarified for Mr. Daniell the components of the proposed Settlement and Plan of Allocation at the Settlement Hearing. If Mr. Daniell submits his properly completed Proof of Claim to Lead Counsel within seven days of the date of this Judgment, such Proof of Claim shall be deemed timely and Mr. Daniell shall participate in the Settlement on the same terms as all other Class Members who submitted a Proof of Claim.

8. The Settlement set forth in the Stipulation, comprising $3,000,000.00 and 380,000 shares of Ocean Power Technologies common stock, is hereby finally approved as fair, reasonable and adequate in all respects, in accordance with the terms and provisions therein, and the Lead Plaintiff and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

9. The OPT Settlement Stock is issued pursuant to section 3(a)(10) of the Securities Act, and does not constitute restricted securities under the Securities Act.

10. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11. Upon the Effective Date, the Releasing Plaintiff Parties, shall be deemed to have, and by operation of the Judgment entered in the Action shall have, fully, finally, and forever released, relinquished and discharged any and all Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Defendant Parties posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Claims. Upon the Effective Date, and without any further action, the Lead Plaintiff further agrees not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Released Defendant Parties relating to any Released Claim, including any derivative suit not otherwise released, except as required by law.

12. Upon the Effective Date, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of the Released Plaintiff Parties, and shall forever be barred and enjoined, without the necessity of any of the Released Plaintiff Parties, posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

13. Lead Plaintiff and all Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

14. In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Claim, including, but not limited to, any claims that arise out of the Action (i) by any Person against a Released Defendant, and (ii) by any Released Defendant against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

15. Any plan of allocation submitted by Lead Counsel or any other order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Class Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. The Court finds that during the course of the Action, the Lead Plaintiff and Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. This Action is dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

21. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of New Jersey on November 15, 2016.

/s/ Freda L. Wolfson
THE HON. FREDA WOLFSON
UNITED STATES DISTRICT JUDGE